A. B. SMITH, Appellee, v. H. K. HESS, Appellant.

1. **Agency:** COMMISSION FOR SALE OF REAL ESTATE: CUSTOM: INSTRUCTIONS TO JURY. Where in an action by a broker for commission for the sale of real estate, mortgaged for nearly its full value, which mortgage the purchaser assumed, and conveyed to the grantor other real estate for the equity in the premises, the evidence was uniform as to the customary charges of agents for the sale of real estate, but was conflicting as to what sum should be the basis upon which to compute the commission, *held*, that under the circumstances the court

properly instructed the jury that if they found a custom existed as to charges for such services it must be shown that the principal had knowledge of its existence.

:2.   Lease: CONSTRUCTION: EVIDENCE.  Where a lease for a hotel provided that the lessee should make all improvements he might deem necessary in the house at his own expense, but that all outside and permanent improvements were to be done at the expense of the lessor, and the cost thereof deducted from the rent, *held*, that the lessee was not entitled under such provision to reimburse himself for the cost of placing a heating furnace in the house, and that evidence of verbal agreement of the lessor to allow the lessee for the cost of the same was inadmissible.

:3.   Costs: COUNTERCLAIM: APPORTIONMENT.  The defendant admitted the plaintiff's claim, and the amount of the latter's recovery was reduced somewhat by the defendant's counterclaim, but nearly the whole cost of the trial resulted from one counterclaim of the defendant in which he was unsuccessful.  *Held*, that facts did not warrant an apportionment of the costs.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

TUESDAY, JUNE 2, 1892.

PLAINTIFF was the owner of a hotel in the city of Des Moines known as the "Given House." He leased the property to the defendant by a written lease, and this action is brought to recover the rent agreed upon between the parties. The defendant by his answer admitted that the plaintiff's claim was correct, and pleaded some four counterclaims, upon which he demanded judgment against the plaintiff. The cause was tried to a jury, and there was a verdict and judgment for the plaintiff for the amount of his claim, less about one hundred and thirty dollars. The defendant appeals.—*Affirmed*.

*Callender & Smith*, for appellant

*John A. McCall*, for appellee.

ROTHROCK, J.—I.  It appears from the evidence that while the defendant was in possession of the hotel

1. AGENCY: commission for sale of real estate: custom: instructions to jury. the plaintiff effected a sale or trade of it to one Crabb. He received no money for the property. It was mortgaged for about twelve thousand dollars, and Crabb assumed the payment of the mortgage, and conveyed to the plaintiff certain lands in the state of Kentucky. The actual value of the hotel property was from twelve thousand to fifteen thousand dollars. The defendant claims that he is a real-estate broker, and that by a verbal agreement the plaintiff authorized and employed him to effect a sale or exchange of the property, and that no sum was fixed as a compensation for his services in that behalf. He claims that he effected the sale or exchange that was made to Crabb, and that the customary and reasonable compensation for his services amounted to five-per-cent. on the first thousand dollars of the consideration for the sale, and two and one-half-per-cent. on the balance of the consideration, and that the aggregate commission was eight hundred and sixty-two dollars, for which sum he demands judgment. This was the principal matter in controversy on the trial of the case. The evidence as to whether the defendant was employed to make a sale of the property, and whether it was through his efforts that a disposition of the same was made, was in conflict.

The defendant sought to show by dealers in real estate that there was a general custom at Des Moines which established the commission for the sale of real estate at five-per-cent. on the first one thousand dollars of the consideration, and two and one-half-per-cent. on the residue. The evidence upon this question appears to have been quite uniform that the above rates were the customary charges of real-estate agents. But there is a decided conflict in the evidence as to what sum should be the basis upon which the commission should be computed. In the case at bar the plaintiff claims a commission on some thirty-three thousand, five hundred.

dollars, upon an exchange of property, and the property itself was of very little more value than the mortgage upon it which the purchaser assumed. The evidence leaves it in very great doubt whether there was any usage which the parties should be held to have had in contemplation when the alleged contract was made. The court instructed the jury that if they found that there was a custom it was necessary that it should be shown that the plaintiff had knowledge of its existence. It is claimed by counsel for the appellant that this part of the charge to the jury was erroneous, because the law is that the plaintiff is presumed to have knowledge of the custom, and the burden would be on him to show the contrary. This is the rule where the custom is so general and well established that all persons dealing in the business should be presumed to have knowledge of it. As is said in *Foy v. Leighton*, 22 N. H. 75: "It must appear to be so well settled, so uniformly acted upon, and of so long a continuance as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it." 2 Parsons on Contracts, 542, 543. Applying this rule to the facts disclosed in evidence, the instructions under consideration were not prejudicial to the defendant. Indeed, we think that there was no evidence authorizing a finding that any custom existed. As we have pointed out, it was uncertain what the alleged usage was, and in that state of the record there was no presumption that the plaintiff had any knowledge upon the subject, and no ground for holding that the parties contracted with a view to any custom.

II. The lease contained the following stipulation: "It is agreed that lessee shall make all improvements he may deem necessary in the house at his own expense, but all outside and permanent improvements to be done at the

2. LEASE: construction: evidence.

expense of the lessor, and costs of same to be deducted from the accrued rents." The defendant placed a heating furnace with attachments in the house. He claims that the cost of the same should be deducted from the rent. The court held that the furnace not being outside the house, the cost thereof was not properly chargeable to the plaintiff, and oral evidence offered by the defendant in connection with the procuring of the furnace and placing it in the house was excluded. In our opinion, the ruling of the court is correct. There is nothing in the language of the lease which authorizes parol evidence varying or explaining its meaning. It plainly provides that improvements in the house deemed necessary by the defendant shall be done at his own expense.

III. The whole costs of the action were taxed to the defendant. A motion of the defendant to retax the costs, and make an equitable apportionment thereof, was overruled. This is claimed to be erroneous. It is true that the defendant admitted the plaintiff's claim, and that the amount thereof was reduced to some extent by the counterclaims filed by the defendant. But it appears from the record that nearly the whole cost of the trial resulted from the attempt to establish the claim for a commission for effecting a sale of the property. It is quite evident from the result of the trial that no part of this claim was allowed by the jury. There were, therefore, no facts from which the court could make an intelligent apportionment of the costs.

3. Costs: counter-claim: apportionment.

The judgment of the district court is AFFIRMED.